United States Bankruptcy Court
Western District of Louisiana
Alexandria Division

In Re:                          *         Bankruptcy No. 18-80172
                                *
Eula B. Brown                   *
   Debtor                       *         Chapter 13

Response of United States of America
to Objection to Claim of Army & Air Force Exchange Services

The United States of America ("United States") for the Army & Air Force Exchange Services (AAFES), respectfully responds to the objection to the claim of the AAFES filed in the captioned and numbered case on behalf of Eula B. Brown ("Debtor") as follows:

1.

AAFES maintains that it has a secured claim of $637.96 on the basis of the purchase money security interest under the Uniform Commercial Code which it retains on purchases for household goods made with the Military Star, Exchange Credit Program card. (See Proof of Claim, 6-2, page 27, para. 28.)

1

2.

Rule 3001(f) of the Federal Rules of Bankruptcy Procedure reads, "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Debtor has failed to rebut that presumption.

3.

Rule 3001(d) of the Federal Rules of Bankruptcy Procedure states, "If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." In the case, at bar, the submission of the agreement which the Debtor signed is the evidence that the security interest has been perfected.

4.

La.R.S. § 9-309(1) provides that a purchase-money security interest in consumer goods is perfected upon attachment. La. R. S. § 9-102(23) defines "consumer goods" as "goods that are used or bought for use primarily for personal, family or household purposes."

5.

Pursuant to La.R.S. § 9-203, "A security interest attaches to collateral when it becomes enforceable against the debtor with respect to the collateral, unless an agreement expressly postpones the time of attachment."

6.

The credit card application signed by Debtor establishes the intent to enter into a security agreement. *In re Martinez*, 179 B.R. 90, 94 (N.D. Ill. Oct. 31, 1994)(providing that language in credit card application signed by Debtor notified Debtor that he was granting credit card issuer "a security interest in merchandise that he purchased using [that] credit card.")

7.

La.R.S. § 9-310(b)(2) states, "The filing of a financing statement[1] is not necessary to perfect a security interest…that is perfected under Section 9-309 when it attaches." Therefore, there was no requirement that AAFES file a financing statement for the purchase money security interest to be perfected.

8.

In the case bar, the household items subject to the purchase money security interest totaled $637.96. The proof of claim is correct.

---

[1]"Financing statement" is defined as "a record or records composed of an initial financing statement and any filed record relating to the initial financing statement." La.R.S. § 9-101(39).

Wherefore, the United States prays that:

1. The objection to the claim of the AAFES be overruled;

2. For such other general and equitable relief to which it may be entitled.

Respectfully submitted,

David C. Joseph
United States Attorney

By: /s/Cristina Walker 08497
Assistant United States Attorney
Western District of Louisiana
300 Fannin Street, Suite 3201
Shreveport, LA 71101-3068
(318) 676-3634; Fax (318) 676-3642

Certificate of Service

I certify that in addition to the electronic service to klannatty@klanatty.com of the foregoing Response of United States of America to Objection to Claim of Army & Air Force Exchange Services by the Bankruptcy Noticing Center, a copy of said response April 18, 2019, to:

Eula B. Brown
2377 Bonner Street
Hornbeck, LA 71439

By: /s/ Jennifer Washington
United States Attorney's Office
Western District of Louisiana
300 Fannin Street, Suite 3201
Shreveport, LA 71101-3068

4